IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLIFFORD JONES,
# M-42078,

        Plaintiff,

vs.                                      Case No. 17-cv-00063-DRH

OFFICER ADAMSON,
OFFICER BANGERT,
OFFICER JOHNSON,
and UNKNOWN PARTY,

        Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Clifford Jones, an inmate who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for violations of his Eighth Amendment rights at Lawrence Correctional Center ("Lawrence"). (Doc. 1). In the complaint, plaintiff claims that Officer Adamson subjected him to the unauthorized use of force on December 17, 2016. (Doc. 1, p. 5). Officers Bangert and Johnson allegedly failed to intervene and protect him. *Id.* All three officers and an unknown nurse ("Nurse Jane Doe") then denied him medical treatment for his injuries. *Id.* Plaintiff seeks monetary damages against the defendants for their alleged violations of his Eighth Amendment rights. (Doc. 1, p. 6).

The complaint (Doc. 1) is now subject to preliminary review under 28 U.S.C. § 1915A, which provides:

1

>    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>    (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>       (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>       (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Upon careful review of the Complaint and supporting exhibits, the Court deems it appropriate to dismiss certain portions of this action. The Complaint otherwise survives screening under § 1915A.

## Complaint

During his incarceration at Lawrence on December 17, 2016, plaintiff asked to speak with a member of the prison's crisis team about mental health

issues that he was experiencing (Doc. 1, p. 5). In response, Officers Adamson and Bangert escorted him to the shower area. *Id*. There, he waited in a shower for his meeting with a crisis counselor. *Id*.

After the meeting, plaintiff was informed that he would be relocated to a cell on the lower tier of the C Wing. (Doc. 1, p. 5). Plaintiff objected to this transfer decision. *Id*. He explained that he had "words" with another inmate who was housed there. *Id*.

Officer Adamson told plaintiff that he would be transferred there "whether [he] liked it or not." (Doc. 1, p. 5). When plaintiff asked to speak with a lieutenant, Officer Adamson stated, "Don't make me come drag you outta [there]." *Id*. When plaintiff again asked to speak with a lieutenant, Officer Adamson used his key to open the shower door, dragged plaintiff in "a very aggressive manner," slammed him to the floor, and repeatedly punched him in the face. *Id*. Then, the officer placed plaintiff in a chokehold while he was cuffed behind his back. *Id*.

Officers Bangert and Johnson stood watching. (Doc. 1, p. 5). Plaintiff screamed for help. *Id*. In response, they smiled and told plaintiff that he had to learn his lesson. *Id*. Both officers refused to intervene. *Id*.

Officer Adamson then picked plaintiff up by the cuffs and removed them. (Doc. 1, p. 5). He instructed plaintiff to step out of the shower and walk to Cell #19. *Id*. Plaintiff refused, instead asking for medical treatment for undisclosed injuries. *Id*. The prison's "orange crush" tactical team came to the area and ordered plaintiff to exit the shower and walk to Cell #19. *Id*. He tried to tell them

3

what Officer Adamson had done, but the team members would not listen. *Id*. They eventually sprayed him with pepper spray. (Doc. 1, pp. 5, 9-10).

Plaintiff asked Officer Johnson if he could at least get "decontaminated," and the officer denied his request. (Doc. 1, p. 5). An unknown nurse ("Nurse Jane Doe") also denied plaintiff's request for medical treatment following the incident, declaring him "OK" after examining him. (Doc. 1, pp. 5, 9-10).

Plaintiff filed two emergency grievances on December 23, 2016. (Doc. 1, pp. 7-10). In one, he complained about Officer Adamson's use of excessive force against him 6 days earlier. (Doc. 1, pp. 7-8). In the other, Plaintiff complained about the subsequent denial of medical treatment for his injuries. (Doc. 1, pp. 9-10). He received no response to either grievance and commenced this action while the grievances were admittedly "still pending" on January 23, 2017.[1] (Doc. 1, pp. 4, 7-10). He then transferred from Lawrence to Pontiac shortly thereafter. (Doc. 10).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

---

[1] The Court saves for another day and a more complete record the issue of whether Plaintiff completely exhausted all available administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a). *See Fletcher v. Menard Corr. Ctr.,* 623 F.3d 1171, 1174–1175 (7th Cir. 2010) (finding that an inmate failed to exhaust his administrative remedies after waiting only two days to file suit after he submitted an emergency grievance). *But see Muhammad v. McAdory,* 214 F. App'x 610, 612–613 (7th Cir. 2007) (district court committed reversible error in granting summary judgment on exhaustion grounds where inmate waited 51 days after filing emergency grievance with no response to file suit).

4

    **Count 1 -**    Officer Adamson used excessive force against plaintiff at Lawrence on December 17, 2016, in violation of his rights under the Eighth Amendment.

    **Count 2 -**    Officers Bangert and Johnson failed to intervene and protect plaintiff from Officer Adamson's unauthorized use of excessive force against plaintiff at Lawrence on December 17, 2016, in violation of his rights under the Eighth Amendment.

    **Count 3 -**    Officers Adamson, Bangert, and Johnson and Nurse Jane Doe denied plaintiff medical treatment for the injuries he sustained at Lawrence on December 17, 2016, in violation of his rights under the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merits.

## Claims Subject to Further Review

### Count 1

A prison guard's intentional use of excessive force against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate bringing an excessive force claim must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The allegations in the complaint satisfy this standard for screening purposes. Count 1 shall receive

5

further review against Officer Adamson, who is the only defendant named in connection with the claim. This claim shall be dismissed with prejudice against Officer Bangert, Officer Johnson, and Nurse Jane Doe because they were not mentioned in connection with any use of excessive force against Plaintiff.

### Count 2

To state a failure to protect claim under the Eighth Amendment, plaintiff must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm (*i.e.*, an objective standard), and the defendant acted with deliberate indifference to that risk (*i.e.*, a subjective standard). *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Both the objective and subjective elements of this claim are satisfied for screening purposes.

With regard to the objective standard, the Seventh Circuit has held that a generalized risk of violence does not support an Eighth Amendment claim. *Brown*, 398 F.3d at 909; *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). Plaintiff must allege a "tangible threat to his safety or well-being." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Plaintiff alleges that he was actually restrained, punched, and thrown to the floor by Officer Adamson. (Doc. 1, p. 5). When construing the allegations in the *pro se c*omplaint liberally in favor of plaintiff, as this Court is required to do at this stage, the Court finds that the violence plaintiff experienced on December 17, 2016, is sufficient to satisfy this objective standard at screening.

The subjective standard is satisfied where a prison official knows that an attack is "almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911. The allegations suggest that Officers Bangert and Johnson knew that Officer Adamson was using excessive force against plaintiff because they watched the incident unfold while refusing to intervene on Plaintiff's behalf. (Doc. 1, p. 5). They wanted him to learn a lesson. *Id*. Given these allegations, the Court cannot dismiss Count 2 against Officers Bangert and Johnson. However, this claim shall be dismissed with prejudice against Officer Adamson and Nurse Jane Doe because they were not named in connection with a failure to protect claim.

## Claims Subject to Dismissal

### Count 3

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they respond to an inmate's serious medical needs with deliberate indifference. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). To state a claim, the plaintiff must show that he suffered from a serious medical need, and state officials acted with deliberate indifference to his need. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The allegations in the Complaint do not suggest that plaintiff suffered from an objectively serious medical need as a result of the incident that occurred on december 17, 2016.[2] The determination of whether an injury is objectively serious is fact-specific. *Gutierrez*, 111 F.3d at 1369. Seriousness is shown where

---

[2] Plaintiff asserts no claim based on the treatment he received or was denied for his mental health issues on December 17, 2016. Therefore, this claim is limited to the denial of treatment for injuries Plaintiff sustained as a result of Officer Adamson's conduct.

7

a doctor indicates that the injury requires treatment, significantly impacts daily activities, results in chronic or substantial pain, *or* where the need for treatment would be obvious to a lay person. *Id*. Plaintiff does not describe any particular injuries in his Complaint. (Doc. 1, p. 5). His exhibits refer to the orange crush tactical team's use of pepper spray, and the resulting eye irritation and blurry vision that followed. (Doc. 1, pp. 9-10). However, the same exhibit reveals that the nurse immediately examined Plaintiff and declared that he was "OK." (Doc. 1, p. 9). Under the circumstances, the Complaint does not satisfy the objective or subjective components of this claim. Count 3 shall be dismissed without prejudice against the defendants for failure to state a claim upon which relief may be granted.

## Pending Motions

**1.  Motion for Leave to Proceed** *in forma pauperis* **(Doc. 2)**

Plaintiff's IFP motion shall be addressed in a separate Order of this Court.

**2.  Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff's motion for recruitment of counsel shall be **REFERRED** to a United States Magistrate Judge for a decision.

**3.  Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff's motion for service of process at government expense is **GRANTED**. Service shall be ordered below on those defendants who remain in this action pursuant to this screening order.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against defendant **OFFICER ADAMSON**. This count is **DISMISSED** with prejudice against defendants **OFFICER BANGERT, OFFICER JOHNSON,** and **NURSE JANE DOE** for failure to state a claim against these defendants upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** is subject to further review against Defendants **OFFICER BANGERT** and **OFFICER JOHNSON**. This count is **DISMISSED** with prejudice against Defendant **OFFICER ADAMSON** and **NURSE JANE DOE** for failure to state a claim against these defendants upon which relief may be granted.

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice against defendants **OFFICER ADAMSON, OFFICER BANGERT, OFFICER JOHNSON** and **NURSE JANE DOE** for failure to state a claim upon which relief may be granted against the defendants.

As to **COUNTS 1** and **2,** the Clerk of Court shall prepare for defendants **OFFICER ADAMSON (#7010), OFFICER BANGERT (#7842)** and **OFFICER JOHNSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to each defendant's place of employment as identified by plaintiff. If a defendant fails to sign and return the waiver of service of summons

(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United**

**States Magistrate Judge** for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc. 3), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under § 1915, plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution. *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 6, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.03.06 14:15:39 -06'00'

**United States District Judge**